Case 1:14-cv-00265   Document 41   Filed in TXSD on 03/18/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL NO: 1:14-CV-265 |
| CARLOS EDUARDO SAENZ et al., | § § § | |
| Defendants. | § | |

## ORDER

Three attorneys previously affiliated with the same law firm have appeared in this action on behalf of Cassandra Yturria and Fausto Yturrea III ("collectively "the Yturrias"): E. Michael Rodriguez ("Rodriguez"), Sarah A. Nicolas ("Nicolas"), and Erin A. Hudson ("Hudson"). On March 17, 2016, Rodriguez filed a paper entitled Notice of Withdrawal advising the Court that Hudson "is no longer affiliated with the law firm of Atlas, Hall and Rodriguez, LLP and is no longer retained by [the Yturrias] in this matter" Dkt. No. 40 at 1. The notice asks the Clerk to remove Hudson from the list of attorneys representing the Yturrias. *Id.* Rodriguez represents that Hudson's withdrawal will not affect the representation of the Yturrias. *Id.*

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation omitted). As this rule states, this Court, not the Clerk, must grant leave to withdraw. *See id.* An application for a court order must be made by motion rather than by notice. Fed. R. Civ. P. 7(b). Federal law provides the rule of decision for determining whether good cause exists. *White v. BAC Home Loans Serving, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (citing *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir.

1

1992)). The record must reflect an appropriate basis for granting leave to withdraw, and "unsubstantiated claims are insufficient." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (citation omitted). Even if good cause exists, the Court must assure itself that withdrawal will not disrupt prosecution of the case. *White*, 2010 WL 2473833, at *3 (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981); *Am. Res. Tech., Inc. v. Oden*, No. 3:13-CV-04419-B, 2014 WL 6884243, at *4 (N.D. Tex. 2014) (citing *Rabin v. McClain*, No. 10–CV–981–XR, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011)); *see also Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *3 (N.D. Tex. Sept. 29, 2008) ("The Court next considers whether withdrawal of counsel will prejudice Defendants.").

The Court advises the parties that future requests to withdraw must be made by a properly supported motion. *See* Fed. R. Civ. P. 7(b); S.D. Tex. Civ. R. 7.1. In this instance, the Court nonetheless finds that good cause exists to permit Hudson to withdraw and that the Yturrias have received reasonable notice of her withdrawal based on the representations in the instant notice. *See* Dkt. No. 40 at 1. The instant notice does not state any other party's position on the withdrawal, however, *see* Dkt. No. 40 at 1, and so the Court cannot determine on this record whether any party other than the Yturrias believes that Hudson's withdrawal will disrupt this litigation. *See* S.D. Tex. Civ. R. 7.1(D), 7.2 (requiring a motion to include an averment regarding conference or representation of nonopposition). To address these issues, the Court conditions the granting of leave to withdraw on the filing of competent evidence supporting the factual assertions in the notice filed March 17, 2016, Dkt. No. 40. *See* S.D. Tex. Civ. R. 7.7. Further, the Court will provide the parties with an opportunity to object to the withdrawal.

For the foregoing reasons, the Court **ORDERS** that Hudson is excused from further responsibilities as an attorney of record for the Yturrias provided that:

1. Competent evidence of the facts stated in the Notice of Withdrawal filed March 17, 2016, is filed within 14 days after the entry of this order; and

2. No party objects to Hudson's withdrawal within 14 days after the entry of this order.

SIGNED this 18 day of March, 2016.

Hilda G. Tagle
Senior United States District Judge